STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

19-450

IN RE: MARSHALL LEGACY FOUNDATION

**********

SUPERVISORY WRIT FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2015-3683
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and John D. Saunders, Judges.

WRIT GRANTED IN PART AND DENIED IN PART.
REMANDED WITH INSTRUCTIONS.

**Wilford D. Carter**
**Wilford Carter Law, LLC**
**1025 Mill Street**
**Lake Charles, LA 70601**
**(337) 564-6990**
**COUNSEL FOR OTHER RESPONDENT:**
    **Preston L. Marshall**

**Hunter W. Lundy**
**Matthew E. Lundy**
**Rudie R. Soileau, Jr.**
**T. Houston Middleton, IV**
**Daniel A. Kramer**
**Lundy, Lundy, Soileau & South, L.L.P.**
**501 Broad Street**
**Lake Charles, LA 70601**
**(337) 439-0707**
**COUNSEL FOR OTHER RESPONDENT:**
    **Preston L. Marshall**

**JeffreyW. Chambers**
**Chambers Law Group**
**711 Louisiana Street, Suite 2150**
**Houston, TX  77002**
**(713) 438-5244**
**COUSEL FOR OTHER RESPONDENT:**
    **Preston L. Marshall**

**Walter M. Sanchez**
**Alexander L.H. Reed**
**The Sanchez Law Firm, L.L.C.**
**1200 Ryan Street**
**Lake Charles, LA 70601**
**(337) 433-4405**
**COUNSEL FOR OTHER APPLICANT:**
    **Elaine T. Marshall**

**Michael Reese Davis**
**Tim P. Hartdegen**
**Hymel Davis & Petersen, LLC**
**10602 Coursey Blvd.**
**Baton Rouge, LA 70816**
**(225) 298-8118**
**COUNSEL FOR OTHER APPLICANT:**
    **Elaine T. Marshall**

**Todd S. Clemons**
**Janet D. Madison**
**Todd Clemons & Associates**
**A Professional Law Corporation**
**1740 Ryan Street**
**Lake Charles, LA 70601**
**(337) 477-0000**
**COUNSEL FOR OTHER APPLICANT:**
  **Dr. Stephen D. Cook**

**Cathryn E. Gits**
**Assistant Attorney General**
**1885 N. 3rd Street**
**Baton Rouge, LA 70802**
**(225) 326-6400**
**COUNSEL FOR OTHER RESPONDENT:**
  **Louisiana Attorney General Office**

**SAUNDERS, Judge.**

In consideration of the companion Writ Application No. 19-328, Relator, Elaine, seeks review of the trial court's allocation of her motion to recuse Judge Ware to the Honorable G. Michael Canaday (Judge Canaday).[1]

## STATEMENT OF THE CASE

This matter arises out of the succession of E. Pierce Marshall, Sr. (Pierce Sr.), who died in 2006. The litigation regarding the Marshall family fortune includes suits filed in both state and federal courts of Louisiana, as well as in Texas and Wyoming

In 2011, Elaine set up the Peroxisome Trust, a Louisiana Irrevocable trust. Preston and his brother, Pierce, Jr. were named co-trustees and co-remainder beneficiaries of the trust. Also named as beneficiary of the Peroxisome Trust was the Marshall Heritage Foundation (the Heritage trust). Pierce Sr. was the sole trustee of the Heritage trust from its foundation in 1995, until the trust instrument was amended to name Dr. Cook as its sole trustee in 1997. In 2007, Dr Cook appointed Elaine, Preston, and Pierce Jr. as his co-trustees of the Heritage trust. A designated annuity was to be paid to the Heritage trust over twenty years, and the remainder was to be divided between Preston and Pierce Jr.

The dispute giving rise to the issue in this Writ Application arose upon the division of the Heritage trust. Upon request by Elaine, the trial court ordered that the Heritage trust be divided into two foundations: the first to remain the Marshall Heritage Foundation (the Heritage trust), and the second to be called the Marshall Legacy Foundation (the Legacy trust). The Legacy trust was to be governed by Elaine, Dr. Cook, and Preston, as co-trustees. However, Preston took issue with the

---

[1] The motion to recuse Judge Ware was set for hearing on June 24, 2019, but it has been continued to July 15, 2019. On May 9, 2019, Elaine and Dr. Cook also filed a motion to recuse the entire 14th JDC, but that matter has not been set for hearing.

classification of the new foundations, arguing that the division of the original Heritage foundation resulted in the formation of two, wholly new entities.

The Legacy trust's funds were placed in a bank account at Frost Bank and a brokerage account at Frost Brokerage in Houston, Texas. The account required two signatures for transactions. A Marshall family company, MarOpCo, Inc. (MarOpCo), issued checks and handled the financial administrative tasks for the Legacy trust. Preston refused to sign several checks for grants and instructed Frost Bank to place a debit hold on all activity for the Legacy trust. Approximately $12,849,000.00 was subject to the hold which was placed by Frost. On September 4, 2015, in response to Preston's actions, Elaine and Dr. Cook moved the Legacy trust's financial accounts to Northern Trust in Dallas, Texas. Then, on September 8, 2015, Elaine wrote a letter to Preston informing him that she and Dr. Cook were revoking any outstanding delegations of authority to him. However, because Preston refused to take action necessary to effectuate Dr. Cook's being an authorized signor on the accounts of the Legacy trust, Elaine and Dr. Cook voted and passed a resolution between September 14-15, 2015, that removed Preston as co-trustee.

**19-328:** In Cook v. Marshall, 17-5368, slip op. (E.D. La. 2019) appeal docketed, No. 19-30200 (5th Cir. 2019), the court granted a motion for summary judgment filed by Dr. Cook as the trustee of the Heritage trust. The court found that no amendment was necessary and declared that as co-trustee of the Peroxisome Trust, Preston is obligated to assure the distribution of funds owed to the Heritage trust as a beneficiary of the Peroxisome Trust and that his continued refusal to authorize such distributions is a breach of trust and a breach of his fiduciary duties.

Based on the ruling in Cook, 17-5368, Elaine and Dr. Cook filed exceptions of res judicata. The trial court held a hearing on April 2, 2019, and denied the exception. Elaine and Dr. Cook timely filed a notice of intent to seek supervisory

2

writs, and the trial court set a return date of May 2, 2019. This writ application was timely filed, and Preston filed an opposition. Elaine and Dr. Cook filed a supplement to inform the court of a June 24, 2019 hearing on the motion to recuse and a reply to Preston's opposition.

**19-450:** After the hearing on the exception of res judicata, Elaine filed a motion to recuse Judge Ware, Division H, after which he referred the motion for random allotment to another judge. It was assigned to Judge Clayton Davis, Division B, who self-recused because his former law partner represents Preston, and the motion was randomly assigned to Judge Ritchie, Division E, who is the subject of a motion to recuse in In Re: Peroxisome Trust. By order dated April 30, 2019, Judge Ritchie sent the motion for random assignment, but ordered that Judge Sharon Wilson, Division F, who was already the subject to a motion to recuse by Preston in a related case, be removed from the process. The motion was finally assigned to Judge Canaday, Division G, but Elaine challenges the appropriateness of this allotment.

On May 24, 2019, in the matter captioned, *In Re: The Peroxisome Trust*, number 2015-4582 on the docket of the 14th JDC, before Judge David A. Ritchie (Judge Ritchie), this court ruled, in pertinent part, as follows:

> **WRIT GRANTED IN PART AND DENIED IN PART. REMANDED WITH INSTRUCTIONS.** We find that the interests of justice warrant the appointment of a judge ad hoc to preside over this matter. *In Re: Harrier Trust*, 18-1467 (La. 2/18/19), 263 So.3d 884.[2] The rulings denying the motions to recuse Judge David A. Ritchie and

---

[2] Judge Harry Randow was appointed to preside over the case in *In Re: Harrier Trust*, 18-1467, p. 1 (La. 2/18/19), 263 So.3d 884, 884, after the Louisiana Supreme Court considered Preston's motion to recuse Judge Wilson and stated:

> Considering the unique facts presented in this case and the exercise of our plenary authority pursuant to La. Const. Art. V, §5(A), we find the interests of justice warrant the appointment of a judge ad hoc to preside over this matter. The specific appointment will be made in a separate order accompanying this opinion. Because this appointment renders the recusal issues moot, the applications are denied in all other respects.

3

Judge Robert L. Wyatt are vacated, and the matter is remanded for the appointment of a judge ad hoc to hear the pending motions to recuse.

## ON THE MERITS

*Motion to Recuse*

Louisiana Code of Civil Procedure Article 153 states:

> Until a judge has recused himself, or a motion for his recusal has been filed, he has full power and authority to act in the cause. The judge to whom the motion to recuse is assigned shall have full power and authority to act in the cause pending the disposition of the motion to recuse.

Further, La,Code Civ.P. art. 155(b) states: "In a district court having more than two judges, the motion to recuse shall be referred to another judge of the district court for trial through the random process of assignment in accordance with the provisions of Code of Civil Procedure Article 253.1." Louisiana Code of Civil Procedure Article 253.1 provides two methods of random assignment: (1) drawing indiscriminately from a pool containing all sections or divisions in the jurisdiction in which the case is filed, or (2) a properly programmed electronic device or computer programmed to randomly assign the case to any one of the sections or divisions in the jurisdiction in which the case is filed.

Counsel for Elaine argues that Judge Ritchie was without authority to order that Judge Wilson be excluded from the random allotment process once he decided to refer the motion to recuse to another judge for hearing. Counsel for Preston argues that Judge Ritchie removed Judge Wilson from the possible divisions for allotment because she had already been removed in *In Re: Harrier Trust*. He points out that counsel for Elaine does not complain about Judge Ritchie's removal of the other two judges (as well as his own self-recusal) from the possible divisions and that Judge Ritchie was "acting to conserve judicial resources" by removing the divisions to which had already either self-recused or been recused in related matters. Judge Cutrer, Division I, was not excluded from the possible divisions even though she has

4

a financial interest in the Harrier Trust as a co-trustee. That leaves only four other judges to whom the case might be assigned.

This litigation is complex, multi-faceted, and of a very long duration. As such, we find that the interests of justice warrant the appointment of a judge ad hoc to preside over this matter. *In Re: Harrier Trust*, 18-1467, (La. 2/18/19), 263 So.3d 884, and *In Re: The Peroxisome Trust*, 19-386 (La.App. 3 Cir. 5/24/19) (unpublished writ decision), *writ denied*, 19-896 (La. 6/12/19), ___ So.3d ___. As such, the ruling referring the matter for random allotment, but excluding Judge Sharon D. Wilson from the random allotment process, is vacated. Accordingly, in light of the pending motion to recuse the entire Fourteenth Judicial District Court filed by Elaine Marshall and Dr. Stephen Cook, this court declines to order that the motion to recuse Judge Ronald F. Ware be randomly allotted for hearing as requested by Relator, Elaine Marshall. Instead, this court remands the matter and orders that the Fourteenth Judicial District Court request the immediate appointment of a judge ad hoc by the Louisiana Supreme Court to hear the pending motions to recuse.

**WRIT GRANTED IN PART AND DENIED IN PART. REMANDED WITH INSTRUCTIONS.**